IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMARC ROBERT GARRETT, SR., #Y27943, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 24-cv-01829-SMY ) |
| PEOPLE OF THE STATE OF ILLINOIS and SUPREME COURT OF THE STATE OF ILLINOIS, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**YANDLE, District Judge:**

Plaintiff Lamarc Garrett, Sr., filed a Second Amended Complaint (Doc. 23) pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, to challenge criminal proceedings brought against him. He seeks the return of money and property, release from custody, and expungement of his record, among other things. The Second Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

**Second Amended Complaint**

Plaintiff generally attacks his criminal proceedings in the Second Amended Complaint, although he fails to identify the criminal case by case name, case number, or court where the case was or is pending. (Doc. 23, p. 6). He names the "People of the State of Illinois" and the "Supreme Court of the State of Illinois" as the only defendants, but mentions neither one in the statement of

1

his claim. *Id.* In lieu of allegations, Plaintiff lists defects he believes occurred in the underlying proceedings, including:

> Due process, not being able to cross examine witnesses, false declarations, false citations, falsehood, slanderism (sic), false altercations, false mannerisms, plead guilty disciplinary proceedings, tryud (sic) to bait parents in as a witness of court sentencing. Double jeopardy being placed in the same trial more than four times. Also withheld evidence . . . not guilty false imprisonment I ain't never done nothing in my life. . . .

*Id.* (errors in original). As relief, Plaintiff requests the return of money, property, a gold mine, a jewelry store, expungement of all records "even Missouri," and "mines and my homeboys free[d]," among other things. *Id.* at 7.

## Discussion

The Second Amended Complaint suffers from the same problems as the First Amended Complaint, and more. Plaintiff used this Court's standard civil rights complaint form to prepare his Second Amended Complaint and checked the boxes designating this action as being brought under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. None of these statutes allow him to attack a criminal proceeding, conviction, or sentence that still stands.

Section 1983 provides a private cause of action for deprivations of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983. The statute offers no relief for constitutional deprivations that necessarily imply the invalidity of a conviction or sentence that remains in effect. *Heck v. Humphrey*, 512 U.S. 477 (1994). Moreover, § 1983 is not a vehicle for dismissing pending state or federal criminal charges and cannot be used to secure release from custody. A criminal defendant who notes an error in a judicial proceeding may seek relief by filing a motion in the pending criminal case, a direct appeal, a collateral attack, a post-conviction petition, or a habeas action. However, he cannot pursue a claim for money damages in a civil rights action

until his conviction or sentence is overturned, reversed, or expunged. Plaintiff describes no such outcome. For these reasons, Plaintiff's claims asserted under § 1983 will be dismissed.

Section 1331 puts him in no better position. 28 U.S.C. § 1331. This statute provides district courts with original jurisdiction over all civil actions arising under the Constitution, law, or treaties of the United States. *Id*. However, Plaintiff may not invoke this statute to challenge his criminal proceedings in order to obtain release from custody, expungement of his record, or related relief. Therefore, Plaintiff's claims under § 1331 will also be dismissed.

The FTCA provides jurisdiction for actions against the United States for torts committed by federal officials while acting within the scope of their employment. 28 U.S.C. §§ 1346, 2671-2680. The United States is the only proper defendant in an FTCA case. Therefore, Plaintiff cannot pursue an FTCA claim against the "People of the State of Illinois" or the "Supreme Court of the State of Illinois." Those claims will likewise be dismissed.

Like the First Amended Complaint, the Second Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). If a Complaint does not plead "enough facts to state a claim . . . that is plausible on its face," the action fails to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Second Amended Complaint fails to identify the case at issue (name, number, court, or jurisdiction), the procedural posture of the case, whether the case resulted in a conviction, what sentence was imposed, whether the conviction and sentence still stand, or what role the defendants played in any violation of his rights. Thus, dismissal is also warranted on this basis.

For the foregoing reasons, Plaintiff's Second Amended Complaint does not survive review under 28 U.S.C. § 1915A and will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Disposition

The Second Amended Complaint (Doc. 23) is **DISMISSED with prejudic**e for failure to state a claim for relief.

Plaintiff is **ADVISED** that this dismissal shall count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   March 24, 2025**            *s/ Staci M. Yandle*
                                      **STACI M. YANDLE**
                                      **United States District Judge**